**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JENNIFER JOAN THOMAS,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:15-CV-2587-K-BH |
| ) | |
| **COX PREMIER PROPERTIES,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** for lack of subject-matter jurisdiction.

**I.  BACKGROUND**

On August 6, 2015, the plaintiff filed this *pro se* case against a property management company/broker for real estate property that she leased in August 2014. (doc. 1 at 1, 18-33.)[1] She complains the defendant improperly charged her for $14,000 in damages to that rental property, but that the property was already damaged when she moved in. (*Id.* at 1.) The defendant previously sued the plaintiff and obtained a judgment against her for unpaid rent in the amount of $1,730.00, as well as for possession of the property, on February 2, 2015. (*Id.* at 14.)

**II.  JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, because the plaintiff's claims against the defendant are based on the lease agreement, her contract action arises solely under state law. She does not identify or assert any federal causes of action against the defendant, or make any allegation to support any federal cause of action against it. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, the plaintiff does not allege that the defendant is a citizen of another state. She has therefore not met her burden to show that complete diversity exists between the parties, and her contract claims under state law should be dismissed for lack of subject matter jurisdiction. *See Dupre v. University*

*Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state). The plaintiff has also failed to allege that the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction. She only recites that she has been improperly charged $14,000.00 for pre-existing damage to the property that she leased. Her claims are therefore also subject to dismissal for lack of subject matter jurisdiction on this basis.

### III. RECOMMENDATION

The plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 10th day of August, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE